OPINION
Defendant-appellant, Paul Frisby, appeals a decision of the Butler County Court of Common Pleas overruling his motion to suppress evidence.
On September 17, 2000, Middletown Police Officer Raqib Ahmed stopped appellant because his rear license plate was not illuminated. As appellant exited his vehicle, Officer Ahmed noticed that he was unsteady on his feet. Officer Ahmed also noticed an odor of intoxicants on appellant's breath. Appellant agreed to perform field sobriety tests and, according to Officer Ahmed, appellant failed all three tests.
Appellant was arrested and taken to the police station where Officer Ahmed discovered that he had three prior driving under the influence arrests in less than five years. Appellant was then charged with felony DUI, driving under suspension and failure to illuminate the rear license plate. At an October 18, 2000 preliminary hearing, appellant was bound over to the Butler County Court of Common Pleas.
On January 11, 2001, the trial court held a hearing on a motion to suppress filed by appellant. Officer Ahmed testified and described the stop and arrest. At the conclusion of the hearing, the trial court overruled appellant's motion. Appellant subsequently pled no contest to all counts in the indictment.
In this appeal of the trial court's denial of his motion to suppress, appellant raises the following single assignment of error:
 THE TRIAL COURT ERRED BY PROHIBITING CROSS-EXAMINATION OF THE GOVERNMENT'S SOLE WITNESS ON THE DETERMINATIVE ISSUE OF THE CASE.
Appellant contends that the trial court erred by prohibiting cross-examination of a discrepancy between Officer Ahmed's testimony at the preliminary hearing and the officer's testimony at the hearing on the motion to suppress. On direct examination, Officer Ahmed testified that he held his pen for four seconds when conducting the horizontal gaze nystagmus test. During defense counsel's cross-examination of Officer Ahmed, he asked the officer if he remembered being asked at the preliminary hearing to demonstrate the HGN test he performed on appellant. The officer responded that he remembered demonstrating the test. Defense counsel then asked Officer Ahmed whether he remembered testifying at the preliminary hearing regarding how long it took for his pen to travel in front of appellant's face. Officer Ahmed responded that he remembered telling the court that it was "a short period" of time. Defense counsel then asked the officer if he remembered his testimony earlier that day on direct examination that it took four seconds. The officer responded that he had testified to four seconds in his direct testimony.
Defense counsel then asked the officer, "[y]ou didn't say that at the preliminary hearing did you?" The trial court sustained an objection from the prosecutor. Defense counsel then explained that he was trying to show that there was prior testimony at the preliminary hearing that the time was not four seconds. He argued "there's prior testimony that it wasn't like that." The trial court disagreed, stated that Officer Ahmed had testified that the time was four seconds and that the officer stated that his previous testimony was "a short period of time."
Defense counsel then explained to the trial court that a finding was made at the preliminary hearing regarding the length of the time period. Through discussion with defense counsel, the trial court discovered that the municipal court made a finding based on the testimony and a demonstration at the time of the preliminary hearing before the municipal court. Defense counsel then attempted to argue that this finding was a prior judicial determination that was binding on the common pleas court. When the trial court disagreed, defense counsel then explained that it was actually a stipulation by the state and the defendant that the demonstration took one second. The objection was again sustained to defense counsel's questioning of an alleged prior inconsistent statement regarding the HGN test. During this discussion, the trial court made reference to issues of credibility and not admissibility.
Appellant argues that the trial court erred by not allowing cross-examination of Officer Ahmed on the discrepancy from his prior testimony. Appellant argues that the trial court erred by holding that credibility was not an issue at the motion to suppress. Appellant further argues that the prohibition of his cross-examination of Officer Ahmed's prior testimony contravened both the Ohio Rules of Evidence and the Sixth Amendment's confrontation clause.
A trial court has broad discretion in determining whether to admit or exclude evidence. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. Absent an abuse of discretion and a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of relevant evidence. Id.; State v.Martin (1985), 19 Ohio St.3d 122, 129, certiorari denied (1986),474 U.S. 1073, 106 S.Ct. 837. Evid.R. 613, which provides for impeachment by self-contradiction, states:
 (B) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 (1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 (2) The subject matter of the statement is one of the following:
 (a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
 (b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(B) or 706;
 (c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence.
As stated above, appellant argues that the trial court improperly restricted cross-examination of Officer Ahmed on the issue of the officer's testimony at a prior hearing regarding the length of time involved in the HGN test. However, the officer's testimony was not inconsistent. Officer Ahmed testified that his testimony at the preliminary hearing was "a short time." At the motion to suppress, he testified that the time period was four seconds. Appellant's counsel was permitted to question Officer Ahmed regarding the fact that his prior testimony was not as precise as his testimony before the trial court. The court noted that this did not amount to an inconsistency.
Defense counsel then tried to question the officer regarding a stipulation entered into by the two attorneys at the hearing that the officer's demonstration of the test took one second. Such a stipulation did not constitute prior inconsistent testimony on the part of Officer Ahmed. Because the testimony was not inconsistent and, in fact, was not even Officer Ahmed's testimony, but a stipulation between counsel, the trial court did not abuse its discretion in prohibiting cross-examination on the issue.
Appellant also contends that the trial court did not allow any cross-examination from the officer's prior testimony as to the manner in which the field sobriety tests were conducted. We disagree. The only testimony that defense counsel proffered as prior inconsistent testimony was the issue of the length of the HGN test. The trial court correctly stated that there was not an inconsistency in Officer Ahmed's testimony. In addition, we note that the trial court held that even if it did not consider evidence of the field sobriety tests, it would still find that Officer Ahmed had probable cause to arrest appellant based on the totality of the circumstances. See State v. Homan (2000),89 Ohio St.3d 421, 427.
Finally, we note that appellant makes reference to the trial court's statements that some of the testimony went to credibility, not admissibility. In his brief, appellant broadens the trial court's statements into a holding by the trial court that credibility is never an issue in a motion to suppress. Although the ultimate question the court must decide is admissibility of evidence, it is well-settled that, when considering whether to suppress evidence, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence.State v. Fanning (1982), 1 Ohio St.3d 19, 20.
While the trial court made statements that certain testimony went to credibility, not admissibility, and that it was considering the admissibility of the evidence at the motion hearing, we cannot extend the statements to the extent appellant argues. The trial court allowed appellant to question credibility with cross-examination regarding statements that Officer Ahmed testified to at the motion hearing, but did not mention at the prior hearing and were not in his written report. After carefully reviewing the record, we cannot say that the trial court failed to consider the credibility of Officer Ahmed's testimony in its determination. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.